IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN BALL, | : | |
|     Plaintiff | : | Civil Action No. 1:11-cv-00877 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| LT. SISLEY, <u>et</u> <u>al</u>., | : | (Magistrate Judge Carlson) |
|     Defendants | : | |

## **MEMORANDUM ORDER**

Plaintiff Dawn Ball, an inmate currently incarcerated at the State Correctional Institution at Muncy, Pennsylvania ("SCI-Muncy"), instituted the above-captioned action by filing a complaint on May 9, 2011, alleging, <u>inter alia</u>, that sixteen Defendants had wrongfully confiscated her personal property. (Doc. No. 1.) After detecting multiple deficiencies in the complaint, Magistrate Judge Carlson recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted without prejudice to Plaintiff attempting to cure the deficiencies. (Doc. No. 16.) Thereafter, Plaintiff filed an eighty-four-page amended complaint, containing numerous additional deficiencies. (Doc. No. 27.) For example, as noted by Magistrate Judge Carlson, "the amended complaint was not one complaint, but appeared to be two separate, and wholly unrelated documents." (Doc. No. 56 at 5.) On December 20, 2011, Magistrate Judge Carlson recommended that certain claims stated in the amended complaint be dismissed without prejudice to providing Plaintiff with one final opportunity to cure the defects in her pleadings. (Doc. No. 31.) On May 22, 2012, this Court issued an order adopting that recommendation and informing Plaintiff that the due process claims stated in the amended complaint against Defendants Giroux, Bechdel, Hummel, Edwards, Sisley, and Savage were dismissed without prejudice to Plaintiff endeavoring to correct any remaining defects within

1

twenty days.  (Doc. No. 51.)  Plaintiff has failed to comply with that directive, even after Magistrate Judge Carlson instructed her to comply with the filing deadlines in all of her cases following his denial of her motions for a global stay of her federal actions.

Now before the Court is a July 3, 2012 Report and Recommendation of Magistrate Judge Carlson, recommending that Plaintiff's amended complaint be dismissed with prejudice pursuant to the screening requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e).  (Doc. No. 56.)  In the Report and Recommendation, Magistrate Judge Carlson found that Plaintiff has failed to correct the deficiencies in the amended complaint, despite being given ample opportunity to do so.  Further, he concluded that granting Plaintiff yet another opportunity to amend the complaint would be futile in light of her failure to comply with court directives.

Upon a review of the record and the applicable law, the Court detects no error in Magistrate Judge Carlson's findings.  Plaintiff's objections are largely inscrutable and fail to justify her failure to amend the complaint despite the Court's explicit warning that such failure would result in dismissal of this action with prejudice.  Under these circumstances, dismissal of this action with prejudice is proper.  See Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007) (affirming the district court's dismissal of the plaintiff's action with prejudice where the plaintiff was warned that failure to amend his complaint would result in such dismissal).

**ACCORDINGLY**, on this 14th day of November 2012, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Carlson's Report and Recommendation (Doc. No. 56) is **ADOPTED**;

2. Plaintiff's objections (Doc. No. 57) are **OVERRULED**;

3. Plaintiff's amended complaint (Doc. No. 27) is **DISMISSED WITH**

       **PREJUDICE**; and

4.      The Clerk of Court is directed to close the case.

                                         <u>s/ Yvette Kane</u>
                                         Yvette Kane, Chief Judge
                                         U.S. District Court
                                         Middle District of Pennsylvania